UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KEVIN HARRIS #183360,                )
                                     )
                 Plaintiff,          )      Case No. 2:05-cv-270
                                     )
v.                                   )      HON. GORDON J. QUIST
                                     )
DARLENE EDLUND, et al.,              )
                                     )      **OPINION**
                 Defendants.         )
_____    )

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial

partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321

(1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if

the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C.

§§ 1915(e)(2), 1915A.  The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v.*

*Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true,

unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33, 112

S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint, in

part, for failure to state a claim.  In addition, the court will dismiss the remainder of Plaintiff's

complaint for failure to exhaust administrative remedies.

**Discussion**

I.        Factual Allegations

Plaintiff Kevin Harris, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Deputy Warden Darlene Edlund, Corrections Officer Tammy Worachek, Corrections Officer John Tremble, Corrections Officer C. Axely, Corrections Officer Jim Bloomquist, Corrections Officer Tiffany Douglas, and Corrections Officer Sandra Lake.  Plaintiff alleges that Defendants denied him food, showers, and other basic necessities, as well as mistreated him on a variety of occasions between June 27, 2002, and November 12, 2002.  Plaintiff states that this conduct was motivated by a desire to retaliate against him for filing grievances and complaints.  Plaintiff seeks both damages and equitable relief.

II.        Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.  *See Porter v. Nussle*, 122 S. Ct. 983 (2002); *Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 122 S. Ct. at 984; *Booth*, 532 U.S. at 741, 121 S. Ct. at 1824.  A district court must enforce the exhaustion requirement sua sponte.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

- 2 -

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000).  A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).  Furthermore, in order to properly exhaust Michigan Department of Corrections grievance procedures, a prisoner must raise each of his claims for the first time at Step I.  *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).

Plaintiff's claims are the type of claims that may be grieved.  *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ II (may grieve brutality and corruption by prison staff); ¶ J (may grieve acts of reprisal for using the grievance process or for assisting others in filing grievances) (effective Oct. 11, 1999 and Nov. 1, 2000).  The burden to allege and show exhaustion belongs to Plaintiff.  *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104.  This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits."  *Knuckles El*, 215 F.3d at 642.

Plaintiff attaches copies of a step II and III grievances he filed on Defendants Edlund, Tremble, Axely, and Douglas, as well as the II and III responses.  Therefore, it appears that Plaintiff exhausted his claims against these Defendants.  However, it does not appear that Plaintiff named

- 3 -

Defendants Worachek, Bloomquist, or Lake in any grievances.  A conclusory allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits."  *See Knuckles El*, 215 F.3d at 642.

Because Plaintiff has only exhausted his claims against a portion of the named Defendants, the Court will dismiss his action pursuant to the "total exhaustion" rule.  Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson*, *et al.*, 407 F.3d 801 (6th Cir. 2005).  Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).  Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee.  *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997).  Accordingly, the Court will dismiss Plaintiff's action without prejudice.

However, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."  42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998).  Because Plaintiff's complaint fails to state a claim with

- 4 -

regard to those incidents which occurred prior to November 8, 2002, the court will dismiss those claims with prejudice without first requiring Plaintiff to exhaust any available administrative remedies.

III.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

A review of the complaint reveals that all of the complained of incidents occurred prior to November 8, 2002, except for the alleged misconduct of Defendant Lake, which occurred on November 12, 2002. Plaintiff's claims regarding incidents which occurred prior to November 8, 2002 are barred by the statute of limitations. This court may, on its own motion, apply the statute of limitations to a § 1983 claim by a prisoner. *See Hardin v. Straub*, 490 U.S. 536 (1989); *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995); *Redd v. Gilless*, 857 F. Supp. 601, 605 (W.D. Tenn. 1994). The Sixth Circuit has held that sua sponte dismissal is appropriate under § 1915(e)(2) when a complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face.

- 5 -

*Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998); *Day v. E.I. Dupont de Nemours and Co.*, No. 97-6233, 1998 WL 669939, at *1 (6th Cir. Sept. 17, 1998). Federal courts apply state personal injury statutes of limitations to claims brought under §1983. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 180-181 (6th Cir. 1990). For civil rights suits filed in Michigan under §1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.) (per curiam), *cert. denied*, 479 U.S. 923 (1986); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999). Although state tolling provisions must be applied to § 1983 suits brought by prisoners, *Hardin*, 490 U.S. at 544; *Jones v. City of Hamtrack*, 905 F.2d 908, 909 (6th Cir. 1990), *cert. denied*, 498 U.S. 903 (1990), Michigan's tolling provision for imprisoned persons does not provide Plaintiff any additional benefit in this case. *See* MICH. COMP. LAWS § 600.5851(9).

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's claims against Defendants Edlund, Worachek, Tremble, Axely, Bloomquist, and Douglas, which involve incidents that occurred prior to November 8, 2002, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). In addition, the Court will dismiss Plaintiff's remaining claim, which involves Defendant Lake, without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate

filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

       A Judgment consistent with this Opinion will be entered.


Dated:  February 1, 2006                         _____/s/ Gordon J. Quist_____
                                                GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE